**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WALTER ALGARIN and CYNTHIA ALGERIN, | )<br>) |
| Plaintiffs, | )<br>) |
| v. | ) 3:11-cv-229-RCJ-VPC<br>) |
| | ) **ORDER** |
| CTX MORTGAGE COMPANY, LLC, et al., | )<br>) |
| Defendants. | ) |

Currently before the Court are Defendants First American Trustee Servicing Solutions, LLC; First American Title Insurance Company; and Hank Duong's Motion to Dismiss (#11) and Motion to Expunge Lis Pendens (#12). The Court heard oral argument on September 12, 2011. At oral argument, both parties stipulated to dismiss Defendant Hank Duong from the case with prejudice.

**BACKGROUND**

**I.   Facts**[1]

Plaintiffs Walter and Cynthia Algarin ("Plaintiffs") executed a note secured by a deed of trust on a piece of property located at 20555 State Route 445, Reno, Nevada, 89510, which was recorded in Washoe County on March 15, 2006. (Deed of Trust (#13) at 6, 8). The mortgage, dated March 10, 2006, was for $391,201. (*Id.* at 7). The lender on the deed of trust

---

[1]   First American Trustee Servicing Solutions, LLC; First American Title Insurance Company; and Hank Duong file a request for judicial notice and attach copies of relevant publicly recorded documents. (Request for Judicial Notice (#13)). This Court takes judicial notice of these public records. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (the court may take judicial notice of the records of state agencies and other undisputed matters of public record under Fed. R. Evid. 201).

was CTX Mortgage Company, LLC. (*Id.*). The trustee on the deed of trust was Timothy M. Bartosh or William B Naryka. (*Id.*). The Mortgage Electronic Registration Systems, Inc. ("MERS") was named as a "nominee for Lender and Lender's successors and assigns" and claimed to be the beneficiary[2] under the security instrument. (*Id.*).

In May 2008, Plaintiffs refinanced the property and entered into a subsequent deed of trust secured by the same property, which was recorded in Washoe County. (2008 Deed of Trust (#13) at 26-28, 30). The mortgage was for $394,560. (*Id.* at 28). The lender on the 2008 deed of trust was CTX Mortgage Company. (*Id.*). The trustee was Timothy M. Bartosh or William B. Naryka. (*Id.*). MERS was named as a "nominee for Lender and Lender's successors and assigns" and claimed to be the beneficiary under the security instrument. (*Id.*).

On March 1, 2010, Plaintiffs defaulted on their mortgage payments for an unspecified amount. (*See* Notice of Default (#13) at 52). On September 20, 2010, First American Trustee Servicing Solutions, LLC, as attorney-in-fact for MERS, executed a substitution of trustee and replaced First American Trustee Servicing Solutions, LLC, as the trustee for Timothy M. Bartosh or William B. Naryka. (Substitution of Trustee (#13) at 48-49). On September 21, 2010, Hank Duong of First American Trustee Servicing Solutions, LLC filed a notice of default and election to sell under the 2008 deed of trust. (Notice of Default (#13) at 51-53).

On October 1, 2010, First American Title Insurance Company, as attorney-in-fact for MERS, executed an assignment of deed of trust and assigned all beneficial interest in the 2008 deed of trust to Chase Home Finance LLC. (Assignment of Deed of Trust (#13) at 55).

On February 24, 2011, First American Trustee Servicing Solutions, LLC recorded a notice of trustee's sale scheduled for March 21, 2011, with the Washoe County Recorder's office. (Notice of Trustee's Sale (#13) at 57). On March 17, 2011, Rick Lawton filed a notice of lis pendens with the Washoe County Recorder's office. (Notice of Lis Pendens (#13) at 61).

---

[2] Despite the wording of the deed of trust, MERS is not a beneficiary to the deed of trust. *See Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650 at *2 (D. Nev. 2009).

**II.     Complaint**

In April 2011, First American Trustee Servicing Solutions, LLC; First American Title Insurance Company, and Hank Duong ("First American Defendants") filed a petition for removal and attached Plaintiffs' complaint. (Petition for Removal (#1) at 1, 7-26). First American Defendants did not attach the entire complaint to the petition for removal and, therefore, the entire complaint is not in the record before this Court. (*See* Compl. (#1) at 7-26). In the complaint, Plaintiffs sued CTX Mortgage Company, LLC; Timothy M. Bartosh; William B. Naryka; MERS; First American Trustee Servicing Solutions, LLC; Chase Home Finance LLC; First American Title Insurance Company; and Hank Duong (collectively "Defendants"). (Compl. (#1) at 7).

Even though the entire complaint is not in the record, Plaintiffs reiterated their eight causes of action in their response to the motion to dismiss. (*See* Response to Mot. to Dismiss (#17) at 3). These causes of action include: (1) debt collection violation; (2) unfair and deceptive trade practices; (3) violation of the covenant of good faith and fair dealing; (4) violation of NRS § 107.080; (5) quiet title; (6) fraud in the inducement or through omission; (7) slander of title; and (8) abuse of process. (*Id.*). Plaintiffs did not name the First American Defendants in the cause of action for Violation of Unfair Lending Practices pursuant to NRS § 598D.100. (*See* Mot. to Dismiss (#11) at 3).

The complaint alleges that the true beneficiary did not commence the foreclosure, Defendants conspired to record foreclosure documents in violation of NRS § 107.080, Defendants engaged in predatory and unfair lending practices by failing to inform Plaintiffs that they qualified for the loan based upon future equity of the home being refinanced, bailout money extinguished the obligations on Plaintiffs' note, Defendants were debt collectors and did not have a license to collect, and the notice of default did not comply with the proper notice requirements. (*Id.* at 9, 11, 17, 24, 26).

**LEGAL STANDARD**

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all factual allegations in the complaint as well as all reasonable

inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). Such allegations must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). In general, the court should only look to the contents of the complaint during its review of a Rule 12(b)(6) motion to dismiss. However, the court may consider documents attached to the complaint or referred to in the complaint whose authenticity no party questions. *Id.*; *see Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

        The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quotations omitted). To avoid a Rule 12(b)(6) dismissal, a complaint does not need detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Even though a complaint does not need "detailed factual allegations" to pass muster under 12(b)(6) consideration, the factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, ___ U.S. at ___, 129 S.Ct. at 1949. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

        If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay,

4

bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**DISCUSSION**

First American Defendants move to dismiss all claims against them under Rule 12(b)(6). (Mot. to Dismiss (#11) at 2, 4). Plaintiffs filed an opposition and the First American Defendants filed a reply. (Opp'n to Mot. to Dismiss (#17); Reply to Mot. to Dismiss (#21)).

As an initial matter, the Court orders the First American Defendants to file a complete copy of Plaintiffs' complaint. The First American Defendants allege that Plaintiffs filed a 59-page complaint. (*See* Mot. to Dismiss (#11) at 2). However, the complaint attached to the petition for removal is only 22 pages long. (*See* Compl. (#1) at 7-26). Nevertheless, based on the portion of the complaint before this Court, the alleged causes of action, and the publicly recorded documents in the record, the Court grants in part and denies in part the First American Defendants' Motion to Dismiss (#11). As stated at oral argument, the Court grants the motion to dismiss claims 1, 2, 3, 6, 7, and 8, without leave to amend. However, the Court denies the motion to dismiss claims 4 and 5.

As demonstrated by the publicly recorded documents, First American Trustee Servicing Solutions, LLC, executed its own substitution of trustee. Although First American Trustee Servicing Solutions, LLC, claims to be acting as the attorney-in-fact for MERS, there is no evidence in the record demonstrating that it had the authority to do so. Because the Court denies the motion to dismiss claims 4 and 5 for statutory violations of NRS § 107.080 and quiet title, the Court denies the motion to expunge lis pendens (#12).

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the First American Defendants' Motion to Dismiss (#11) is GRANTED in part as to claims 1, 2, 3, 6, 7, and 8 without leave to amend

and DENIED in part as to claims 4 and 5.

IT IS FURTHER ORDERED that the First American Defendants' Motion to Expunge Lis Pendens (#12) is DENIED.

IT IS FURTHER ORDERED that Defendant Hank Duong is DISMISSED with prejudice from this case.

IT IS FURTHER ORDERED that the First American Defendants file a complete copy of Plaintiffs' complaint for the record.

DATED: This 16th day of September, 2011.

_____
United States District Judge