# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| WALTER ALGARIN and CYNTHIA ALGARIN, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>CTX MORTGAGE COMPANY, LLC; TIMOTHY M. BARTOSH; WILLIAM B. NARYKA; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. [MERS]; FIRST AMERICAN TRUSTEE SERVICING SOLUTIONS, LLC; CHASE HOME FINANCE, LLC; FIRST AMERICAN TITLE INSURANCE COMPANY; HANK DUONG; and DOES 1-25 CORPORATIONS, DOES and ROES 1-25 Individuals, Partnerships, or anyone claiming any interest to the property described in the action,<br><br>Defendants. | 3:11-cv-229-RCJ-VPC<br><br>**ORDER** |

Currently before the Court are (1) Defendants' Motion to Dismiss (#11) the NRS § 598D claim in the complaint for failure to state a claim upon which relief can be granted, (2) Motion for Summary Judgment (#44), and (3) Motion to Expunge Lis Pendens (#45). The Court heard oral argument on July 2, 2012. For the following reasons, the Court grants the Motion to Dismiss the § 598D claim (#11), denies the Motion for Summary Judgment (#44), and denies Motion to Expunge Lis Pendens (#45).

## BACKGROUND

Plaintiffs Walter and Cynthia Algarin ("Plaintiffs") executed a note secured by a deed of trust on a property located at 20555 State Road Route 445, Reno, Nevada, 89510, which was recorded in Washoe County on March 15, 2006. (Deed of Trust (#13) at 6, 8). The

mortgage, dated March 10, 2006, was for $391,201. (*Id.* at 7). The lender on the deed of trust was CTX Mortgage Company, LLC ("CTX"). (*Id.*). The trustee on the deed of trust was Timothy M. Bartosh or William B. Naryka. (*Id.*). The Mortgage Electronic Registration Systems, Inc. ("MERS") was named as a "nominee for Lender and Lender's successors and assigns" and claimed to be the beneficiary[1] under the security instrument. (*Id.*).

On or about October 22, 2007, MERS, Chase Home Finance, LLC, First American Loanstar Trustee Services,[2] and Merscorp, Inc., signed an "Agreement for Signing Authority" (the "Agreement"). (Agreement for Signing Authority (#44-3) at 2-3). In the Agreement, MERS assigned multiple rights to First American Loanstar Trustee Services, including the right to substitute trustees on deeds of trust. (*Id.* at 4). This agreement constitutes a power-of-attorney.

In May 2008, Plaintiffs refinanced the property and entered into a subsequent deed of trust secured by the same property, which was recorded in Washoe County. (2008 Deed of Trust (#13) at 26-28, 30). The mortgage was for $394,560. (*Id.* at 28). The lender was CTX, and the trustee was Bartosh or Naryka. (*Id.*). MERS was named as "nominee for Lender and Lender's successors and assigns" and claimed to be the beneficiary under the security instrument. (*Id.*).

On March 1, 2010, Plaintiffs defaulted on their mortgage payments for an unspecified amount on their 2008 deed of trust. (*See* Notice of Default (#13) at 52). On September 20, 2010, DeAnn Gregory of First American Trustee Servicing Solutions, LLC ("FATSS"), claiming to act as attorney-in-fact for MERS, substituted FATSS as trustee for Bartosh or Naryka. (Substitution of Trustee (#44-2) at 2-3). On September 21, 2010, Hank Duong of FATSS filed a Notice of Default and Election to Sell under the 2008 deed of trust. (Notice of Default (#13) at 51-53).

---

[1] Despite the wording of the deed of trust, MERS is not a beneficiary to the deed of trust. *See Weingartner v. Chase Home Fin.*, 702 F. Supp. 2d 1276, 1280 (D. Nev. 2010).
[2] First American Loanstar Trustee Services changed its name to First American Trustee Servicing Solutions ("FATSS") on or around July 19, 2010. (Notice of Change in Name (#44-4) at 2).

On October 1, 2010, First American Title Insurance Company ("FATIC"), agent for FATSS,[3] and acting as attorney-in-fact for MERS, executed an assignment of deed of trust and assigned all beneficial interest in the 2008 deed of trust to Chase Home Finance, LLC. (Assignment of Deed of Trust (#13) at 55).

On February 24, 2011, FATSS recorded a Notice of Trustee's Sale scheduled for March 21, 2011, with the Washoe County Recorder's office. (Notice of Trustee's Sale (#13) at 57). On March 17, 2011, Plaintiffs filed a complaint in the Second Judicial District Court of the State of Nevada alleging various violations concerning the loan and foreclosure process against CTX, Bartosh, Naryka, MERS, FATSS, Chase Home Finance, FATIC, and Duong. (Compl. (#30) at 4-6). On the same day, Plaintiffs' attorney filed a Notice of Lis Pendens with the Washoe County Recorder's Office. (Notice of Lis Pendens (#13) at 61).

On April 4, 2011, FATSS, FATIC, and Duong removed the case to the United States District Court for the District of Nevada. (Pet. for Removal (#1) at 1-4). However, the whole complaint was not attached to the Petition for Removal. (*See* Order (#26) at 5). On May 26, 2011, FATSS, FATIC, and Duong filed a Rule 12(b)(6) Motion to Dismiss for failure to state a claim. (Mot. to Dismiss (#11)). Still without a complete copy of the complaint, the Court was able to decipher eight of Plaintiffs' nine causes of action, and dismissed all but two:[4] for statutory violations of NRS § 107.080 and for quiet title. (Order (#26) at 5). The Court also dismissed Duong from the case. (Order (#26) at 6). The Court did not rule on the cause of action in the complaint for violation of unfair lending practices under NRS § 598D.100 because that section of the complaint was not attached to the Petition for Removal. (*See* Compl. (#30) at 32-33; *see also* Order (#26) at 5). The Rule 12(b)(6) motion to dismiss that claim is still pending with the Court. (*See* Mot. to Dismiss (#11) at 22).

---

[3] Plaintiffs claim First American Title Insurance Company is the agent of FATSS, although there is no evidence of this claim in the record. (*See* Compl. (#30) at 36).
[4] The Court's Order claimed it dismissed claims 1, 2, 3, 6, 7, and 8 without leave to amend. In the complaint, these claims are: (1) Debt Collection Violations, (2) Violation of Unfair and Deceptive Trade Practice Act, (4) Violation of the Covenant of Good Faith and Fair Dealing, (7) Fraud in the Inducement and Through Omission, (8) Slander of Title, and (9) Abuse of Process.

3

The Court received a full copy of the complaint from FATSS, FATIC, and Duong on September 30, 2011. (Compl. (#30)). On March 14, 2012, Chase Home Finance and MERS filed a Motion for Summary Judgment on the § 107.080 and quiet title claims and a Motion to Expunge Lis Pendens, both of which FATIC and FATSS joined. (Mot. for Summary Judgment (#44) at 1-2; Mot. to Expunge Lis Pendens (#45) at 1-2).

**LEGAL STANDARD**

**I.      Motion to Dismiss For Failure to State a Claim Pursuant to Rule 12(b)(6)**

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

To avoid a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although detailed factual allegations are not required, the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. All well-pleaded factual allegations will be accepted as true and all reasonable inferences that may be drawn from the allegations must be construed in the light most favorable to the nonmoving party. *Broan v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

**II.     Motion for Summary Judgment Pursuant to Rule 56**

In reviewing a motion for summary judgment, the court construes the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). Pursuant to Rule 56, a court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as

4

a matter of law." Fed. R. Civ. P. 56(a). Material facts are "facts that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 248 (1986). A material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

The moving party bears the initial burden of identifying the portions of the pleadings and evidence that the party believes to demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A party asserting that a fact cannot be true or genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)-(B). Once the moving party has properly supported the motion, the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. The nonmoving party cannot defeat a motion for summary judgment "by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 287 (1968)).

## DISCUSSION

**I.   Motion to Dismiss the NRS § 598D Claim**

Plaintiffs claim that Defendants violated NRS § 598D.100 by luring Plaintiffs into a loan "based solely on future equity and not from present income or other assets and/or continuing to collect, and/or executing notices on said loan." (Compl. (#30) at 32). Lenders may not

"[k]nowingly or intentionally make a home loan . . . without determining, using any commercially reasonable means or mechanism, that the borrower has the ability to repay the home loan." NRS § 598D.100(1)(b). Plaintiffs claim that they were not properly qualified for the loans under this statute. (Compl. (#30) at 32). Defendants Chase Home Finance and MERS, joined by FATSS and FATIC, claim (1) the statute of limitations for the Plaintiffs' claim has expired, (2) FATSS did not make the home loan, and (3) NRS § 598D precludes successor liability. (Mot. to Dismiss (#11) at 22-24).

Plaintiffs' claim is barred by the statute of limitations. *See* NRS § 11.190. Currently, there is a split within the District of Nevada on whether a statute of limitations of two or three years should govern § 598D.100 claims. *See Orton v. First Horizon Nat'l Corp.*, No. 3:11-cv-630-ECR-VCP, 2012 WL 1985294, at *5 (D. Nev. Jun. 4, 2012) (holding on a § 598D claim that it is "an action upon a statue for a penalty or forfeiture [so the statute of limitations] is two years") (internal quotations omitted); *contra Wensley v. First Nat'l Bank of Nev.*, No. 3:11-cv-809-ECR-WGC, 2012 WL 1971773, at *4 (D. Nev. May 31, 2012) (holding on a § 598D claim that it is "[a]n action upon a liability created by statute [so the statute of limitations] is three years") (internal quotations omitted).

The statute of limitations hinges on whether the damages created by § 598D are "for a penalty or forfeiture." *See* NRS § 11.190(3)(a), (4)(b). If the damages are "for a penalty or forfeiture," the statute of limitations on the claim is two years. NRS § 11.190(4)(b). If damages are due to "[a]n action upon a liability created by statute, other than a penalty or forfeiture," the statute of limitations is three years. NRS § 11.190(3)(a). Section 598D.110, titled "Civil and Criminal Penalties," governs the damages for § 598D.100 claims. Under this section, a successful plaintiff is entitled to (1) three times the amount of damages sustained by the borrower, and (2) the costs of bringing the action and reasonable attorney's fees as determined by the court. NRS § 598D.110(2). Because § 598D.110's title explicitly says that the damages are penalties, and the amount Plaintiffs would receive is larger than their actual damages, the statute awards penalties to successful Plaintiffs. Therefore, NRS § 11.190(4)(b)

governs the statute of limitations for § 598D.100 claims, and it expires two years after the deed is enacted.

The deed in question was signed on May 2, 2008. (2008 Deed of Trust (#13) at 27). This action was filed on March 17, 2011, which is almost three years after the deed was signed. (*See* Compl. (#30) at 4). Therefore, an action under NRS § 598D.100 is time barred, and the Court grants the Motion to Dismiss (#11) with prejudice. *See Wensley*, 2012 WL 1971773, at *4 (dismissing an untimely § 598D claim with prejudice).

Even if the statute of limitations is three years, the Plaintiffs do not state a claim upon which relief can be granted. Plaintiffs do not assert that CTX made the loan without using commercially reasonable means or mechanisms to determine whether the borrower has the ability to repay the home loan. *See Urbina v. Homeview Lending Inc.*, 681 F. Supp. 2d. 1254, 1259 (D. Nev. 2009) (dismissing a § 598D claim because Plaintiffs did not allege specific facts to show how the defendants failed to use commercially reasonable means or mechanisms to determine whether the borrower has the ability to repay the home loan). Since Plaintiffs do not supply any facts that show whether CTX used commercially reasonable means or mechanisms in determining whether Plaintiffs could repay the home loan, the claim is facially implausible. *See Iqbal*, 556 U.S. at 678. Therefore, the Motion to Dismiss (#11) the § 598D claim for failure to state a claim is granted without leave to amend regardless of whether the statute of limitations bars the claim or not.

**II.     Motion for Summary Judgment and to Expunge Lis Pendens**

Plaintiffs' surviving causes of action are the NRS § 107.080 claim and the quiet title claim. They claim the incorrect party filed the "Notice of Default" under NRS 107.080. (Compl. (#30) at 37-38). In its previous order, the Court denied the Motion to Dismiss (#11) on these causes of action because there was no evidence on the record that FATSS had the authority to act as the attorney-in-fact for MERS and substitute the trustee in the deed of trust. (Order (#26) at 5).

The Court finds that the Agreement is not a valid power-of-attorney for the operative deed of trust in this case. There are two concerns with the foreclosure process that plaintiffs

often bring under § 107.080: (1) that the debtor is not actually in default, and (2) that a party uninvolved with the deed of trust is attempting to foreclose. Here, the Agreement pre-dates the 2008 deed of trust. If a power-of-attorney could be created before a deed of trust even existed, the parties being foreclosed upon would not know whether a proper party was executing the Notice of Default. Thus, the parties being foreclosed upon would not know whether they had a cause of action for statutorily defective foreclosure under NRS § 107.080, *et. seq*. In order to be a valid power-of-attorney, the parties must execute a power-of-attorney, such as the Agreement, after the operative deed of trust is created. The Court finds that it is acceptable for MERS to sign one power-of-attorney for each deed of trust, or to group many deeds of trust together and sign a single power-of-attorney concerning the group. However, a power-of-attorney granting a party the right to take action on a deed of trust cannot be created before the deed of trust is in effect.

Consequently, as per the minutes from oral argument (Doc. (#58)), Defendants have until August 31, 2012, to either file a new notice of default or file for judicial foreclosure. If Defendants elect to file a new notice of default, they must comply with the most recent version of NRS § 107.080, *et. seq*. Once Defendants file a new notice of default, the Court orders the parties to file a stipulation to dismiss the case.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Motion to Dismiss (#11) the § 598D claim is GRANTED.

IT IS FURTHER ORDERED that the Motion for Summary Judgment (#44) is DENIED.

IT IS FURTHER ORDERED that the Motion to Expunge Lis Pendens (#45) is DENIED.

IT IS FURTHER ORDERED that Defendants have 60 days from the date of the hearing, which is August 31, 2012, to file a new notice of default complying with the most recent version of NRS § 107.080 *et. seq*.

///

///

///

1  IT IS FURTHER ORDERED that once Defendants file a new notice of default, the parties will file a stipulation to dismiss this case.

DATED: August 3, 2012.

_____
United States District Judge